Filed 11/18/25  Tritz v. Tritz CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| IRENE TRITZ,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>VINCENT R. TRITZ, et al.,<br><br>    Defendants and Respondents. | G064261<br><br>(Super. Ct. No. 30-2020-01122011)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Richard J. Oberholzer, Judge. (Retired judge of the Kern County Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Irene Tritz, in pro. per., for Plaintiff and Appellant.

Bohm Wildish & Matsen and James G. Bohm for Defendants and Respondents.

Plaintiff Irene Tritz appeals from a judgment entered in favor of defendants Vincent and Gayle Tritz after a jury rendered a special verdict finding all her causes of action were not timely filed. She contends the trial court erred in denying her motions for a judgment notwithstanding the verdict and a new trial. Among other arguments, she asserts instructions provided to the jury concerning defendants' statute of limitations affirmative defenses were an inaccurate statement of the applicable law under the circumstances. She also challenges the sufficiency of the evidence to support the jury's verdict. On the record before us, we find no error and affirm the judgment.

FACTS

Plaintiff and defendants are family—defendants are plaintiff's brother-in-law and his wife.[1] In 1986, defendants, plaintiff, and her husband, Richard, worked together to purchase a condominium (the property). Although not listed on title at the time of the purchase, plaintiff and her husband were later added to the title as partial owners, consistent with an arrangement agreed upon by the parties.

In 1992, also pursuant to an agreement of the parties, plaintiff and her husband were taken off title to the property through a quitclaim deed signed by all parties, and defendants pursued refinancing. At trial, the parties disputed whether there was an agreement for plaintiff and her husband's ownership interest in the property to be restored immediately thereafter. However, it was undisputed they were never put back on title.

---

[1] Because the parties share a last name, we refer to them by first name as needed for clarity. No disrespect is intended.

In 2018, unbeknownst to plaintiff and her husband, defendants sold the property and retained all proceeds from the sale. Plaintiff presented evidence at trial that she first learned of the sale on January 10, 2019, when she approached a real estate agent about potentially selling the property and found out from the agent that its ownership had already been transferred. Up until that time, plaintiff said she did not know her and her husband's names had never been restored to title.

On January 7, 2020, plaintiff sued defendants alleging breach of contract, fraud, and negligence. She alleged she and her husband were partial owners of the property at the time it was sold in 2018 and defendants wrongfully withheld their share of the sale proceeds. In addition, she alleged that over the years defendants intentionally misrepresented ownership of the property multiple times to secure personal loans, they deliberately concealed from plaintiff and her husband the property's ownership status, and Vincent, who acted as a property manager, was negligent in handling property related funds.

Following a couple of amendments to the complaint, all three causes of action were tried to a jury, with plaintiff representing herself. Among the disputed matters with which the jury was charged was determining whether plaintiff timely filed her claims. Plaintiff argued the delayed discovery rule rendered them timely, while defendants argued they were filed too late.

After deliberating for roughly 40 minutes, the jury returned a defense verdict. A special verdict form indicated it found all of plaintiff's claims to be untimely.

Plaintiff moved for a judgment notwithstanding the verdict (JNOV) and a new trial. For the JNOV, she argued no evidence supported the

3

jury's verdict concerning the timeliness of her claims and the verdict "did not consider the application of the [d]elayed [d]iscovery [r]ule to which [she was] entitled." From her perspective, her "admitted evidence and witness testimony document[ed] the date of the discovery for [her] three causes of action as being Jan[uary] 10, 2019," and defendants' evidence was not to the contrary. Among her arguments for a new trial were: (1) the trial court failed to discuss all disputed jury instructions before instructing the jury; (2) the jury was improperly influenced by being given a version of the delayed discovery rule proposed by defendants instead of instructions she proposed; (3) the verdict did not account for the statute of frauds concerning oral real estate contracts; and (4) as a matter of law, the evidence required a finding in her favor on the timeliness of her claims.

The trial court denied plaintiff's requests for a JNOV and new trial, and thereafter entered judgment for defendants. Plaintiff timely appealed.

## DISCUSSION

Plaintiff challenges the trial court's denial of her motions for a JNOV and a new trial. She argues the court did not properly instruct the jury on applicable statute of limitations principles and there is no evidence to support the jury's verdict concerning the timeliness of her claims. We find no error.

### I.

#### FORFEITURE AND WAIVER

Before considering the merits of plaintiff's arguments on appeal, we address two preliminary matters raised by defendants: (1) whether plaintiff forfeited her challenge to the validity of the jury instructions by

4

failing to object below;[2] and (2) whether we should deem plaintiff's challenge to the sufficiency of the evidence supporting the jury's verdict waived due to her failure to set forth all favorable and unfavorable evidence in her appellate briefing. We do not find forfeiture or waiver under the circumstances.

Regarding plaintiff's actions below, the record shows plaintiff proposed statute of limitations related jury instructions that differed from defendants. At the trial court's direction, the parties conferred and came up with a list of agreed upon instructions, as well as a list of those about which they disagreed. The court reviewed the disputed instructions, which included those challenged by plaintiff on appeal, and determined it would give defendants' version. Although plaintiff did not object further when the court identified the instructions to be given, she reiterated her belief in the inaccuracy of defendants' statute of limitations related instructions when she moved for a new trial. Under these circumstances, we decline to find forfeiture. And, even if we were to find forfeiture, it would not preclude her challenge asserting the instructions incorrectly stated the law. (See *Argawal v. Johnson* (1979) 25 Cal.3d 932, 948–949, disapproved of on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563; *Carrau v. Marvin Lumber & Cedar Co.* (2001) 93 Cal.App.4th 281, 296.)

As for plaintiff's briefing on appeal, defendants argue she "wholly fail[s] to present a fair record of what occurred in the trial court and only set[s] forth evidence in support of her position," thereby waiving her

---

[2] Though defendants characterize this as an alleged waiver, their argument is more properly characterized as asserting a forfeiture. (See *North American Title Co. v. Superior Court* (2024) 17 Cal.5th 155, 178 ["forfeiture 'refers to a failure to object or to invoke a right'"]; *People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9 ["'waiver is different from forfeiture'"].)

sufficiency of the evidence argument. Though not a model of clarity, plaintiff's briefing discusses the evidence she believes relevant to the issue based on her perception of the law. As we explain below, she misunderstands the law, but we decline to exercise our discretion to deem her argument waived. (See *Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738 [if party making substantial evidence challenge presents only facts and inferences favorable to their position, contention that finding is not supported by substantial evidence may be deemed waived].)

Notably, while defendants' counsel is quick to point out deficiencies and errors in plaintiff's briefing, they do so without recognizing the documents they submitted on appeal contain critical errors of their own. Among other things, defendants' brief contains multiple inaccurate record citations, and their appendix contains a plethora of documents which appear irrelevant to the issues raised on appeal and an index that does not conform to court rules. (See Cal. Rules of Court, rules 8.124(b)(3)(A), (b)(5), (d)(1), 8.144(b)(5)(A).) Combined, these errors make it very difficult to evaluate some of their arguments and assertions.[3]

---

[3] We would be remiss not to also comment on language used in defendants' brief. Regardless of how an attorney personally feels about the other side's arguments, describing a brief as a "lengthy and torturous repetition of irrelevant 'facts' and recitation of grievances . . . in a thinly veiled use of subterfuge as to what is actually before this [c]ourt," and "a rambling accusatory account devoid of a factual or legally supported basis that should be deemed disregarded," is unnecessary and borders on incivility. (See *In re S.C.* (2006) 138 Cal.App.4th 396, 412 ["unwarranted personal attacks on the character or motives of the opposing party . . . are inappropriate and may constitute misconduct"]; *People v. Chong* (1999) 76 Cal.App.4th 232, 243 ["'[I]t is vital to the integrity of our adversary legal process that attorneys strive to maintain the highest standards of ethics, civility, and professionalism in the practice of law'"].) As another court has aptly stated, "[z]eal and vigor in the representation of clients are

## II.

### VALIDITY OF JURY INSTRUCTIONS

Plaintiff contends the trial court erred in failing to discuss the statute of limitations related jury instructions with the parties before using them to instruct the jury and in giving those instructions because they "contained an incorrect date for [p]laintiff to have acted on her claims."[4] Regarding the latter, she argues the date specified in the instructions should have been January 10, 2019, which is the day on which she testified she became aware of defendants' sale of the property without her and her husband's consent. So her argument goes, such a date would have recognized the applicability of the delayed discovery rule. We focus on the date related arguments because the record reflects the trial court expressly gave the parties two opportunities to comment on all jury instructions after it stated which ones would be given to the jury.

*A. The Disputed Jury Instructions*

As part of her proposed jury instructions, plaintiff submitted three statute of limitations related instructions. One concerned equitable estoppel to assert a statute of limitations defense, one concerned equitable

---

commendable. So are civility, courtesy, and cooperation. They are not mutually exclusive." (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1537.)

[4] For the first time in her reply brief, plaintiff also challenges the legal accuracy of three other jury instructions given to the jury, each of which concerned affirmative defenses unrelated to the statutes of limitations. We do not address those argument because under basic tenets of appellate practice, which apply equally to those who are self-represented (see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985), matters raised for the first time in a reply brief are generally deemed forfeited. (*Aptos Council v. County of Santa Cruz* (2017) 10 Cal.App.5th 266, 296, fn. 7.)

tolling of the statute of limitations, and the last concerned the delayed discovery rule. The latter instruction, based on CACI No. 455, read as follows: "If Vincent R. Tritz and Gayle Weik Tritz prove that Irene Tritz's claimed harm occurred before January 10, 2019, Irene Tritz's lawsuit was still filed on time if Irene Tritz proves that before that date, Irene Tritz did not discover, and did not know of facts that would have caused a reasonable person to suspect, that she had suffered harm that was caused by someone's wrongful conduct."

Ultimately, the trial court gave statute of limitations related instructions proposed by defendants which were based on CACI Nos. 338 (breach of oral or written contract), 454 (negligence), 455 (delayed discovery), and 1925 (fraud). None of those instructions included the January 10, 2019 date proposed by plaintiff. Instead, they referenced the following dates: January 7, 2018 for breach of an oral contract; January 7, 2016 for breach of a written contract; January 7, 2018 for negligence; and January 7, 2017 for fraud.

*B. Analysis*

"[A] plaintiff must file suit within a designated period after the cause of action accrues." (*Pooshs v. Philip Morris USA, Inc.* (2011) 51 Cal.4th 788, 797, italics omitted.) "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.] [¶] A plaintiff has reason to discover a cause of action when he or she 'has reason at least to suspect a factual basis for its elements.'" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806–807.) "'The policy reason behind the

8

discovery rule is to ameliorate a harsh rule that would allow the limitations period for filing suit to expire before a plaintiff has or should have learned of the latent injury and its cause.'" (*Pooshs*, at pp. 797–798.)

In focusing on the January 2019 date on which she allegedly learned of the property sale, plaintiff appears to misunderstand the function of the dates listed in the various instructions provided to the jury. The statutes of limitations applicable to her claims were as follows: four years for breach of a written contract (Code Civ. Proc., § 337), two years for breach of an oral contract (*id.* at § 339), three years for fraud (*id.* at § 338), and two years for negligence (*id.* at § 335.1). The dates used in the jury instructions accurately reflected those limitation periods. For example, the fraud related instruction referenced January 7, 2017. That was a date three years before the filing of the complaint, which occurred on January 7, 2020. And the instruction correctly stated that, absent a delayed discovery finding which we later address, if the jury concluded the evidence showed plaintiff's harm occurred before January 7, 2017, the filing of her claim would fall outside the three-year statute of limitations and be considered untimely. The same is true for the statute of limitations related instructions for her other claims.

Plaintiff's other focus is on the delayed discovery rule. She states "[t]he [d]elayed [d]iscovery [r]ule is applicable" and appears to argue the jury instructions did not allow the jury to properly consider it. But, the delayed discovery rule was expressly incorporated into the instructions related to each claim. Once again using fraud as an example, a portion of the instruction provided: "If Vincent and Gail [*sic*] Tritz prove that Irene Tritz's claimed harm occurred before January 7, 2017, Irene Tritz's lawsuit was still filed on time if Irene Tritz proves that before that date, she did not discover facts constituting the fraud or mistake, and with reasonable diligence could

9

not have discovered those facts." As previously discussed, the 2017 date was the three-year statute of limitations cutoff. And even if the jury concluded plaintiff's harm occurred before that date, the additional language allowed the jury to find plaintiff's claims timely if it determined plaintiff did not discover, and with reasonable diligence could not have discovered, the facts constituting the fraud before that date. Similar language was incorporated into the instruction based on CACI No. 338, which concerned breach of contract, and the one based on CACI No. 455, which concerned delayed discovery in the negligence context.

Because the statute of limitations related jury instructions incorporated and accurately stated the relevant law, including the delayed discovery rule, we find no error in the trial court's giving of the challenged instructions and the denial of plaintiff's new trial motion.

III.

SUFFICIENCY OF THE EVIDENCE

Turning to the evidence presented at trial, plaintiff argues there is no evidence to support the jury's verdict. On this premise, and with additional argument about the evidence related to the merits of her claims, she asserts the trial court erred in denying her JNOV motion. Having reviewed the record, we agree with defendants that substantial evidence supports the verdict and, thus, the JNOV denial was proper.

Upon the timely filing of a motion, a party is entitled to a JNOV if there is no substantial evidence to support the verdict and the evidence compels a judgment for the moving party as a matter of law. (See Code Civ. Proc., § 629; *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 877– 878, overruled on other grounds in *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124.) If, as here, the motion challenges the sufficiency of the evidence to support

10

the verdict, we apply the substantial evidence standard. (*Clemmer*, at pp. 877–878.) "Under that standard of review, 'the power of an appellate court begins and ends with the determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the finding of fact.' [Citation.] In so doing, we accept all evidence that supports the judgment, disregard contrary evidence, and draw all reasonable inferences to uphold the judgment. [Citation.] 'It is not our role to reweigh the evidence, redetermine the credibility of the witnesses, or resolve conflicts in the testimony, and we will not disturb the judgment if there is evidence to support it.'" (*Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173.)

The critical dispute at trial concerning the timeliness of plaintiff's claims was when she discovered, or with reasonable diligence could have discovered, that she and her husband were not placed back on title to the property after being removed therefrom in 1992. Substantial evidence supports the jury's implicit conclusion that it was sometime before January 7, 2017, a date four years before the filing of the complaint which correlated to the longest of the applicable statutes of limitations.

After Richard testified he was never excluded from accessing the property, defendants' counsel elicited on cross-examination that in Richard's deposition testimony he admitted to being "aware that [he was] excluded from the property" from around 1995 onward. This was consistent with testimony concerning certain ledgers of property income and expenses kept by Vincent, who acted as the property manager, which showed plaintiff and her husband were not billed for any expenses after 1994. Likewise, plaintiff confirmed she and her husband did not declare any income from the property on their taxes even though she believed the property started making money

11

as a rental in 1995, and they never received any accounting or other financial information about the property after 1995.

Additionally, loan applications signed by plaintiff and her husband under penalty of perjury in 1999 and 2005 did not list the property as an owned asset. Although Richard testified this was done at the advice of their accountant for tax purposes, it was for the jury to judge credibility and decide the import of the evidence and testimony. The same was true of evidence concerning a search of property tax records done by plaintiff. Plaintiff testified she looked into property tax records for the property, including by contacting the county assessor's office, but did not locate her name anywhere. At trial plaintiff said that took place in 2020, but her deposition testimony read to the jury indicated it took place in 2016. And, though plaintiff explained her discussions with the county assessor's office led her to believe technical issues were preventing her from finding any name on the property's title, and she thereafter did not reinvestigate the matter due to her husband being ill, it was the jury's role to determine what, if any, weight to give that testimony.

In a separate but related argument, plaintiff contends "the jury's verdict did not consider the application of the [d]elayed [d]iscovery [r]ule." However, the jury instructions included legally-valid delayed discovery principles, and we must presume the jury followed the instructions when the record, like the one before us, contains no indication to the contrary. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1223.)

Because there was ample evidence from which the jury could find that well before 2017, plaintiff discovered, or with reasonable diligence should have discovered, she and her husband were never restored to the property's title, substantial evidence supports the jury's verdict that all her

12

claims were filed outside the applicable statutes of limitations. Accordingly, the trial court did not err in denying the requested JNOV.[5]

## DISPOSITION

The judgment is affirmed. In the interest of justice, the parties shall bear their own costs on appeal.


DELANEY, ACTING P. J.

WE CONCUR:


SCOTT, J.


BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

---

[5] Because we conclude substantial evidence supports the jury's finding that plaintiff's claims were untimely, and that conclusion affirms the validity of the trial court's actions, we do not address plaintiff's arguments concerning the merits of her claims.